LOURIE, Circuit Judge,
concurring, with whom MICHEL, Chief Judge, and NEWMAN, Circuit Judge, join.
I concur in the decision of the court not to rehear this case en banc.
Our case law has been quite consistent in holding that the patent law requires that a patent contain a written description of a claimed invention independent of the requirements to enable one skilled in the art to make and use the invention. See e.g., Invitrogen Corp. v. Clontech Labs., Inc., 429 F.3d 1052, 1071 n. 17 (Fed.Cir. 2005) (stating that the “written description is distinct from the enablement requirement”); Capon v. Eshhar, 418 F.3d 1349, 1360 (Fed.Cir.2005) (“although the legal criteria of enablement and written description are related and are often met by the same disclosure, they serve discrete legal requirements”); Chiron Corp. v. Genentech, Inc., 363 F.3d 1247, 1253 (Fed.Cir. 2004); Univ. of Rochester v. G.D. Searle & Co., Inc., 358 F.3d 916, 920 (Fed.Cir.2004); Amgen Inc. v. Hoechst Marion Roussel, Inc., 314 F.3d 1313, 1330 (Fed.Cir.2003); Enzo Biochem Inc. v. Gen-Probe, Inc., 323 F.3d 956, 963 (Fed.Cir.2002); Regents of the Univ. of California v. Eli Lilly & Co., 119 F.3d 1559 (Fed.Cir.1997); In re Ruschig, 379 F.2d 990 (C.C.P.A.1967). That requirement is supported by the statute, policy, and practice.
The statute clearly sets forth that “[t]he specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most *1375 nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.” 35 U.S.C. § 112 (2000) (emphasis added). Both a written description and a disclosure of how to make and use the invention, as well as the best mode of carrying it out, are required by the statute.
The policy of the law also supports that interpretation. The whole purpose of a patent specification is to disclose one’s invention to the public. It is the quid pro quo for the grant of the period of exclusivity. The need to tell the public what the invention is, in addition to how to make and use it, is self-evident. One should not be able to obtain a patent on what one has not disclosed to the public.
Finally, patent practitioners know that the first substantive portion of a patent specification (other than a brief summary and background) is a disclosure of what the claimed invention is. No one writes a patent application by beginning' with statements like “I make my invention as follows” or “I use my invention in the following manner.” A patent specification always begins with a statement like “My invention consists of the following,” or its equivalent. Then there follows a fuller written description of what the invention is, whether it is a machine, an electronic device, a chemical compound (or, more usually, a group of compounds), or a genetic sequence (or sequences). Only then does one find material relating to enablement, telling how to make and use the invention.
Whatever inconsistencies may exist in the application of the law lie in the different fact situations with which the courts are faced. Compliance with the written description requirement has been held to be a question of fact, so what constitutes an adequate written description depends on what is claimed and what is described.
And,' of course, claims may vary from the specification because they are usually amended during prosecution. However, in whatever form the claims are finally issued, they must be interpreted, in light of the written description, but not beyond it, because otherwise they would be interpreted to cover inventions- or aspects of an invention that have not been disclosed. Claims are not necessarily limited to preferred embodiments, but, if there are no other embodiments, and no other disclosure, then they may be so limited. One does not receive entitlement to a period of exclusivity for what one has not disclosed to the public. (I do not here delve into problems of genus-species disclosure, as that is a more complex topic having its own subtleties.) But merely calling an embodiment “preferred,” when there are no others, does not entitle one to claims broader than the disclosure. .
It is said that the written description requirement is merely a means of “policing new matter violations.” However, there is a separate new matter provision in the statute (35 U.S.C. § 132), and that provision is subsidiary to the basic requirement set forth in Section 112 to disclose one’s invention. That statutory written description requirement is basic to the patent system and it is in no way limited' to “policing new matter violations” or resolving priority disputes.
In the final analysis, the law is clear and consistent, and this court has at least twice declined to hear a written description case en banc. See Enzo Biochem, Inc. v. Gen-Probe, Inc., 323 F.3d 956, 970 (Fed.Cir. 2002); Univ. of Rochester v. G.D. Searle & Co., Inc., 375 F.3d 1303 (Fed.Cir.2004). *1376 Whether or not there may have been votes to hear such a case en banc for the purpose of having an en banc holding on the issue, rather than just a line of panel opinions, consistent though they may be, there have been very few outright votes to go en banc to reverse our holdings. Thus, there is no reason for our court to hear this case en banc, and I concur in the court’s decision to decline to do so.